## HASSINGER *vs.* McCUTCHEON.

*Third Judicial District Court, March, 1857.*

### SHERIFF SALE.

A sale void as to third parties may be valid between the contracting parties.
A Deputy Sheriff cannot be a purchaser at a Sheriff's sale, *i. e.,* his principal, even though he be a judgment creditor or the assignee of a judgment creditor.

Action in trespass.

*Redman & Younger*, for plaintiff.

*Vorris & Archer*, for defendant.

HESTER, J.—This is an action of trespass, brought for the taking of cattle and horses. The defendant pleaded the general issue ; and also that the property was taken by McCutcheon, as Sheriff, and sold to Bodley at the Sheriff's sale, in virtue of which, Bodley alleges he holds the property.

The cause was tried before a jury. The facts proved, upon which the court instructed the jury, are briefly these : That on the 20th day of July, 1854, one Addis sold the property in controversy for a valuable consideration to the plaintiff; that the same was then running at large on the ranch of Addis, who drove them into a corral there situated, and delivered them to the plaintiff, who received them and turned them out of the corral, and placed them under the care of the same vaquero who had previously taken care of them for Addis. The property continued running at large on said rancho, and the adjoining rancho, until the execution was levied, which was on the 6th day of March, 1855, by said McCutcheon, who, in virtue of which, as Sheriff, afterwards sold the property to said Bodley, who was then the deputy of the said Sheriff; that said execution issued upon a judgment against

said Addis, rendered in the year 1852 ; that said Bodley on the 5th of March, 1855, purchased said judgment and caused the execution to issue for his benefit ; that the judgment was for eighty odd dollars ; and that the property sold at the Sheriff's sale for the same amount and costs, being much below its real value.

The court instructed the jury in addition to other instructions :

1st. That although the sale, if any was made, by Addis to the plaintiff, might be said as to creditors it was valid between the parties thereto.

2d. That if Bodley was a creditor of Addis at the time he sold to the plaintiff—if he made such sale—and if such sale was made to hinder, delay, or defraud Bodley of his debt, it was void as to his debt; but if the Sheriff sold the property by an execution for Bodley's benefit, and he became the purchaser, being at the same time the deputy of said Sheriff, such sale is void, the title thereby not divested, but still continuing in the plaintiff.—Practice Act, section 223.

Judgment for plaintiff was rendered.